IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

  v.

JANE / JOHN DOE(S) S. ACADEMY W. COURT
STREET, RONALD SUTHERLAND,
OFC. MIKKELSON, OFC. HANSON
DEPUTY CHIEF SHERIDIAN,
DEPUTY CHIEF KLIESNER,
DEPUTY CHIEF PEARSON,
CHIEF DAVID MOORE, LT. BLAZER,
OLIVA C. CHASE, and
UNKNOWN JANE / JOHN DOE(S),

                Defendants.

OPINION and ORDER

23-cv-91-jdp

---

    Plaintiff Timothy Lee Stewart, Sr., appearing pro se, alleges that police officers relied on false reports from his neighbors to cite him for noise violations. Stewart seeks leave to proceed in forma pauperis, and from the financial affidavit he submitted I conclude that he may proceed without prepayment of the filing fee for this case.

    The next step is for me to screen Stewart's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that I must abstain from exercising jurisdiction over Stewart's claims under *Younger v. Harris*, 401 U.S. 37 (1971). I will stay the

case and direct the clerk of court to close it. Stewart can move to reopen the case after his state-court cases are resolved.

I have previously allowed Stewart to proceed on claims that Janesville Police Department and parking enforcement staff have violated his constitutional rights by falsely citing or arresting him and by retaliating against him. *See* Case Nos. 21-cv-764-jdp; 22-cv-482-jdp. Stewart's complaint in this case contains allegations that overlap with his other cases to some degree; I will disregard the allegations that I have already considered in other cases. In this case, Stewart focuses on a more recent set of incidents: in May 2022, officers cited him for noise violations after his neighbors made false complaints about how loudly he played or recorded videos "to worship God and teach the word of God via Plaintiff's YouTube, Facebook, Instagram, Twitter, and etc. social media outlet channels . . . ." Dkt. 1, at 4.

Stewart suggests that the charges against him were ultimately dismissed. But my review of electronic state-court records shows otherwise.[1] Stewart has two state-court cases about his May 2022 citations: he was convicted of "Dist Peace/Unnecessary Noise" in Rock County Case No. 2022FO821 (which he is now appealing), and Case No. 2022FO769 for a similar May 2022 violation is still pending in the circuit court. Stewart's constitutional claims in this case are intertwined with his ongoing state-court cases. Absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger*, 401 U.S. at 43–44; *see also Forty One News, Inc. v. Cnty. of Lake*, 491 F.3d 662, 666 (7th Cir. 2007) ("[t]here is no question that the quasi-criminal prosecution of the violation of an ordinance . . . is an adequate state proceeding for

---

[1] *See* http://wcca.wicourts.gov.

the purposes of *Younger*."). Stewart's claims related to his allegedly false citations would unduly interfere with his state prosecutions. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). So I must abstain from deciding his claims until those proceedings have ended.

I will stay this case and direct the clerk of court to close it. That means that Stewart may move to reopen this case after the conclusion of the state criminal proceedings, including all appeals and any relevant state collateral review proceedings. *See Simpson v. Rowan*, 73 F.3d 134, 139 (7th Cir. 1995). But if Stewart's state-court cases results in convictions, he may not be able to proceed with his claims in this case; I will have to dismiss this case if a judgment in his favor would imply the invalidity of a state conviction. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

ORDER

IT IS ORDERED that the court will abstain from exercising jurisdiction, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), pending final resolution of plaintiff Timothy Lee Stewart's state-court proceedings. This case is STAYED. The clerk of court is directed to close the case.

Entered March 13, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge